ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 SEP 21 P 4: 12
CLERK J Burton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CR 107-031 |
| | * | |
| DION MAURICE WOODS | * | |

O R D E R

Presently before the Court is Defendant Dion Maurice Woods' motion for a copy of a transcript and his criminal file. Woods made a similar request, which was denied, in March 2010. (See Order of Mar. 19, 2010, doc. no. 32.)

As explained previously, to obtain a free transcript[1] a defendant must show that the transcript is necessary to decide an issue presented by suit or appeal. See 28 U.S.C. § 753(f) (A defendant may receive a free transcript only if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."); see also Jefferies v. Wainwright, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where the transcript is valuable to the defense and no functional

---

[1] The Court assumes Woods is seeking the requested documents at no cost because he is indigent and he has not indicated a willingness to pay for the material.

alternatives exist.").

Here, Woods does not have a pending collateral proceeding and thus, he is not eligible for a free transcript. In fact, this Court dismissed Woods' habeas corpus petition filed under 28 U.S.C. § 2255 in March 2011. (See Doc. No. 50.) In order for Woods to file a second or successive § 2255 petition, he would need to obtain authorization from the Eleventh Circuit Court of Appeals. See 28 U.S.C. §§ 2255, 2244(b)(3).

Upon the foregoing, Woods' motion for a free copy of a transcript and his criminal file (doc. no. 53) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___21st___ day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE